# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LEACH FARMS, INC.,**
   **Plaintiff,**

  v.              Case No. 14-C-0001

**RYDER INTEGRATED LOGISTICS, INC.,**
   **Defendant.**

---

## DECISION AND ORDER

In this decision and order, I address two motions for sanctions filed by the plaintiff, Leach Farms, Inc., against the defendant, Ryder Integrated Logistics, Inc., and its counsel. The first motion requests sanctions for Ryder's failure to produce a properly prepared witness in response to Leach's Rule 30(b)(6) deposition notice. The second motion requests sanctions for Ryder's counsel's refusal to agree to search terms in electronic discovery.

I described the background facts of this case in an earlier order. See Leach Farms, Inc. v. Ryder Integrated Logistics, Inc., No. 14-C-0001, 2014 WL 4267455 (E.D. Wis. Aug. 28, 2014). For purposes of the present motion, it is enough to note that Leach alleges that Ryder breached a contract for processing and storing celery.

**A. Sanctions for failing to properly prepare Rule 30(b)(6) deponent**

Federal Rule of Civil Procedure 30(b)(6) allows a party seeking discovery from an organization to name the organization as the deponent and "describe with reasonable particularity the matters for examination." In response, the organization must designate the person or persons who will testify on its behalf. The Rule requires that the persons

designated be able to testify "about information known or reasonably available to the organization." Several courts have determined that Rule 30(b)(6) imposes an affirmative duty on the organization to prepare the designated person or persons so that they can give full, complete, and non-evasive answers to the questions posed. 7 James Wm. Moore, Moore's Federal Practice–Civil § 30.25[3] (3d ed. 2014). Courts have also determined that if it becomes apparent that a designated deponent cannot satisfy the deposition notice, the organization has a duty to substitute another person. Id.

In the present case, Leach served a Rule 30(b)(6) deposition notice on Ryder requesting testimony on ten topics. Ryder designated Bob Rasmussen as the deponent. Leach contends that at the deposition, it became apparent that Rasmussen was not fully prepared to testify on two of the topics, namely, the negotiation of the parties' agreement and Ryder's understanding of its terms. The portions of the deposition transcript Leach cites in its motion indicates that Rasmussen was able to answer some questions on these topics. However, when Leach asked Rasmussen certain questions about how the written agreement was prepared, Rasmussen testified that "Business Development," which is apparently a division of Ryder that Rasmussen was not part of, prepared the agreement. Rasmussen stated that he could not answer questions about matters that fell within Business Development's domain. See Rasmussen Dep. at 51:24 to 58:21.

Once it became apparent that Rasmussen's knowledge of the preparation of the agreement did not fully exhaust Ryder's knowledge of that subject, Ryder agreed to produce a substitute witness. This witness turned out to be John Peters, Ryder's Vice President of Business Operations. (I assume that "Business Operations" is what Rasmussen was referring to when he said "Business Development.") When Leach

2

deposed Peters, Peters testified that Rasmussen was mistaken about Business Development's involvement in the preparation of the parties' written agreement. Peters testified that after he reviewed Rasmussen's deposition and saw what Rasmussen had mistakenly attributed to Business Development, he talked to Rasmussen, and then Rasmussen concluded that he probably had handled all of the document preparation after all. See Peters Dep. at 55–56. Although Peters was not involved in the preparation of the written contract, he was able to answer Leach's questions on other matters.

Having deposed both Rasmussen and Peters, Leach is apparently satisfied that it has exhausted Ryder's knowledge concerning the negotiation of the agreement and Ryder's understanding of it. However, Leach has filed the present motion for sanctions under Federal Rule of Civil Procedure 37(d)(1), contending that because Rasmussen was not fully prepared to answer questions on the designated topics, Ryder should be required to pay the $11,690 in costs and attorneys' fees that Leach incurred in preparing for and taking Peters's deposition.

Cases hold that sanctions under Rule 37(d)(1) may be imposed when a corporation's failure to properly prepare a Rule 30(b)(6) deponent is "tantamount to a complete failure of the corporation to appear." Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196, 197 (5th Cir. 1993). However, other cases recognize that this rule does not mean that a corporation is subject to sanctions whenever a designated deponent's lack of preparation leaves him unable to answer some questions on a topic. Costa v. County of Burlington, 254 F.R.D. 187, 190 (D.N.J. 2008) (collecting cases). As one court has noted, Rule 30(b)(6) does not call for "absolute perfection in preparation." Wilson v. Lakner, 228 F.R.D. 524, 528 (D. Md. 2005).

In the present case, Rasmussen's preparation probably fell a little bit short. If he believed that Business Development was responsible for preparing the written contract, he should have interviewed employees from that department or reviewed their documents so that, at the deposition, he could fully convey Ryder's knowledge on those matters. If Rasmussen had done that in this case, he likely would have realized that he was mistaken in thinking that Business Development had prepared the contract. However, I cannot say that the defects in Rasmussen's preparation were so severe that Ryder's producing him for the deposition was tantamount to a complete failure to appear. Rasmussen was fully prepared to answer questions on eight of the ten designated topics, and he was able to answer some questions on the remaining topics. Moreover, once Rasmussen's lack of knowledge became apparent, Ryder agreed to produce a substitute witness who was able to provide the missing information, and thus Leach eventually obtained all of the discovery to which it was entitled. Under these circumstances, I conclude that sanctions are not warranted.

I also note that even if sanctions were warranted, I would not award Leach the full cost of preparing for and taking Peters's deposition. Rule 30(b)(6) allows an organization to designate more than one person to supply testimony on the requested topics, and thus Ryder had the option of designating both Rasmussen and Peters as responsive witnesses from the beginning. Had Ryder done so, Leach would have had to incur the cost of preparing for and taking two depositions instead of one. Because Ryder waited until after Rasmussen's deposition to designate Peters, Leach probably incurred some costs and attorneys' fees that it could have avoided had it known from the start that it would have to depose both men. For example, Leach could have coordinated the depositions to

minimize travel costs and preparation time. But Leach would have had to incur much of the expenses associated with Peters's deposition even if Ryder had perfectly complied with its obligations under Rule 30(b)(6) by immediately designating both Rasmussen and Peters as responsive witnesses. Thus, any sanction for Ryder's failing to either properly prepare Rasmussen or designate Peters from the outset should be limited to the additional costs and attorneys' fees incurred because of Ryder's untimely designation of Peters.

**B.     Sanctions for failure to agree to search terms**

Next, Leach seeks sanctions under 28 U.S.C. § 1927 against Ryder's counsel, alleging that counsel's refusal to agree to search terms for searching a database of Leach's emails was unreasonable and vexatious.

In the course of discovery, Ryder requested that Leach produce emails involving discussions about Leach's dealings with its customers following Ryder's alleged breach of contract. In responding to this request, Leach advised Ryder's counsel that it had used search strings consisting of customer names conjoined with certain additional terms. After Ryder reviewed the emails that Leach had produced using these search strings, Ryder concluded that the strings likely did not capture all responsive documents. Ryder's counsel asked Leach to repeat its search using only customer names as the search terms. Leach objected to this request on the ground that the search would generate thousands of irrelevant and duplicative documents. However, Leach decided to proceed with the search that Ryder had requested rather than file a motion for a protective order. In responding to Ryder's request for an expanded search, Leach notified Ryder's counsel of its intent to seek sanctions under § 1927.

Leach made the results of its expanded search available to Ryder's counsel through

5

an electronic database. The database contained 16,102 documents, comprising about 40,000 to 50,000 pages. Ryder's lawyers then asked Leach to modify the database so that they could use search terms while inspecting the documents. Leach did so. After Ryder's lawyers completed their search of the database, Leach went back in and took a peek at the results of the inspection. Leach was able to determine that Ryder's lawyers had opened only 4,107 of the 16,102 documents in the database. That is, Ryder's lawyers had viewed only 25% of the documents Leach had produced.

Leach contends that if Ryder's lawyers were able to use search terms to winnow their search of the documents down to only 25% of those produced, they should have agreed to allow Leach to use those same terms when making its expanded production. Had Ryder done so, Leach contends, the cost of locating, reviewing, and producing the documents comprising the expanded production would have been lower. Leach argues that Ryder's counsel's refusal to agree to search terms in advance was unreasonable and vexatious, and that therefore counsel should be held personally liable under § 1927 for the excess costs and attorneys' fees that Leach reasonably incurred because of that refusal.

Leach's argument assumes that Ryder's lawyers performed only a single search of the database and reviewed only the documents retrieved by that one search. If that is what happened, then Leach could plausibly claim that Ryder's refusal to allow Leach to use Ryder's terms during the production stage was unreasonable. But Ryder's counsel explains that he used "multiple, evolving searches, which were refined as the document review progressed." Resp. Br. at 2. Leach likely would have objected to performing repeated searches of the email database as Ryder's counsel learned more after reviewing the results of each search. And even if Leach would have agreed to perform multiple

searches, that process would have been cumbersome and likely have led to delay. For these reasons, I conclude that Ryder's counsel's refusal to agree to search terms in advance is not sanctionable.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Leach's motions for sanctions are **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2015.

                                                                                                    s/ Lynn Adelman
                                                                                                    _____
                                                                                                     LYNN ADELMAN
                                                                                                     District Judge